UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ALFREDO VASQUEZ, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:12-CV-384 |
| | § | |
| CAROLE MONROE, JR, *et al*, | § | |
| | § | |
| Defendants. | § | |

## OPINION AND ORDER DENYING MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS* AND DISMISSING LAWSUIT WITHOUT PREJUDICE

Plaintiff Alfredo Vasquez is a prisoner in the Texas Department of Criminal Justice, Criminal Institutions Division ("TDCJ-CID"), and is currently confined at the McConnell Unit in Beeville, Texas. As a consequence of his repeatedly filing frivolous petitions, the Fifth Circuit issued a $100 sanction order against him in Vasquez v. Quarterman, No. 10-40376 (5th Cir. 2010), and issued a second $100 sanction order in Vasquez v. Quarterman, No. 11-90007 (5th Cir. 2011). Neither sanction has been paid. Pending is plaintiff's application for leave to proceed *in forma pauperis* (D.E. 2, 7). For the reasons set forth below, the motion is denied and plaintiff's lawsuit is dismissed without prejudice for failure to pay the sanctions.

**I. Jurisdiction**

This court has jurisdiction pursuant to 28 U.S.C. 1331. Plaintiff Vasquez consented to the jurisdiction of a United States Magistrate Judge (D.E. 6), and the District Judge reassigned the lawsuit to the undersigned for all proceedings including entry of

final judgment (D.E. 8).  28 U.S.C. § 636(c); *Neals v. Norwood*, 59 F.3d 530 (5th Cir. 1995).

## II. Analysis

On December 12, 2012, Vasquez filed a § 1983 prisoner civil rights complaint, alleging that the meals he is fed are not sufficiently nutritious (D.E. 1).  In his lawsuit, he denied having ever been sanctioned by any court (D.E. 1).

A district court may enforce the sanction of another court.  *Balawaider v. Scott*, 160 F.3d 1066, 1067-68 (5th Cir. 1999), and plaintiff has not demonstrated that he has satisfied the Fifth Circuit sanctions.  Plaintiff complains that the food served to him is not nutritious (D.E. 1).  He says that the prisoners assigned to work prison jobs are fed hot meals, and prisoners not able to work are fed cold sandwiches (*Id.*).  Plaintiff's lawsuit suggests no credible basis for his bald claim that the meals fed to him are not nutritious, or that he is facing any kind of imminent danger or health emergency.  Plaintiff has not demonstrated that he is suffers from imminent danger which would warrant excusing him from complying with orders in other federal courts that he pay monetary sanctions for abusing his privilege to file lawsuits and petitions.

## III. Conclusion.

Based on the foregoing, plaintiff's motion for leave to proceed *in forma pauperis* (D.E. 2, 7) is denied and plaintiff's lawsuit is dismissed without prejudice.  Plaintiff may re-file his lawsuit at any time within the limitations period as long as he is truthful in his pleadings, and he demonstrates proof that he has paid both $100 sanctions.  Plaintiff may

move to re-open this lawsuit if he files his motion within twenty-eight (28) days of entry of this order and attaches proof that he has satisfied both $100 sanctions.

ORDERED this 8th day of January, 2013.

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE